In the matter of the estate of JOHN TIPPER, deceased.

[Submitted December 17th, 1917.   Decided January 19th, 1918.]

1. The court has power to impose terms as a condition to the continuance of the hearing of an appeal from an order of a surrogate admitting a will to probate.

2. Allowances to litigants in proceedings for the probate of a will may include fees of expert witnesses.

3. Where, as a condition to granting a continuance of hearing, the orphans court required contestant to pay costs and expenses to the amount certified under the hand of the proctor of the estate, its order was not an exercise of the discretion of the court in that the court failed to determine the propriety and amount of the charges.

On appeal from the orphans court of Bergen county.

*Mr. Warren Dixon,* for the appellant.

*Mr. Adolph L. Engelke,* for the respondent.

BACKES, VICE-ORDINARY.

The will of John Tipper, deceased, was admitted to probate by the surrogate of Bergen county. Neva M. Harrison, the appellant, administratrix of the widow of the testator, took an appeal to the orphans court and a day for hearing was fixed. On that day the appellant applied for an adjournment on the ground that she then recently was obliged to retain new counsel who had not time to prepare for trial, and also because of the absence of a material witness. The court, deeming the reasons sufficient, ordered a continuance for a week to July 17th, 1917, upon the following terms:

"That the said Neva M. Harrison, administratrix as aforesaid, appellant, pay on or before July 16, 1917, at twelve o'clock noon, to the respondents Alfred T. Taylor and William E. H. Schneider, executors of the last will and testament of, and representing the estate of, John Tipper, deceased, or to their proctor for them, and to the above named respondents, Englewood Hospital Association, St. Paul's Church and Englewood Free Public Library, or to their proctor for them. who appeared at the hearing of this appeal on this day, their respective costs of the day for such appearances at that time, and also pay to the proctor of the said executors representing the said estate of the said John Tipper, deceased, the expenses for the attendance of such expert witness who had been engaged by said estate in this appeal for said hearing, the amount of such expense to be certified to said Warren Dixon, Esq., under the hand of the proctor of said estate;

"And upon the said Neva M. Harrison, administratrix as aforesaid, failing to make all of said payments of said costs and expenses on or before the time hereinbefore stated, it is further ordered that the said appeal of the said Neva M. Harrison, administratrix as aforesaid, shall be dismissed."

Timely objection was made to the allowance of the expenses for the expert. The taxed bill of costs, amounting to $26.40, and a statement of the expenses of the expert witness, amounting to $107.75, duly certified, were served upon the appellant's counsel within the time limited by the order. The amounts were not paid, and for failure to pay, a decree was entered on the

adjourned day dismissing the appeal. From both order and decree the appeal is taken, chiefly on the ground that the allowance of the fee of the expert witness was illegal, oppressive and an abuse of discretion. That the court had power to impose terms is well settled. The usual condition is the payment of the taxable costs. *6 R. C. L. 567.* Others may be imposed. The cases are collected in the note to *26 Ann. Cas. 306.* Sections 196 and 197 of the Orphans Court act (*Comp. Stat. p. 3884*) authorizes allowances, to either litigant or the estate, of expenses in addition to costs, which expenses in a proper case may include fees of expert witnesses (*Sanderson* v. *Sanderson, 52 N. J. Eq. 243*), and if the justice of the case demanded, it was within the discretion of the court below to require payment of the fee as a condition of the continuance. The allowance rests in a sound discretion, and in its exercise it seems indispensable that the propriety of hiring the expert and the value of his services be judicially determined, otherwise, how could the court hold that the terms imposed were reasonable? The court examined into and passed upon neither question, but left the first to the judgment of counsel and the amount to be arbitrarily fixed by the party who was to receive it. This is evident from the minutes and appears by the order requiring the payment of such expense as the proctor should certify. The statement made at the time of the motion, that the fee was $100, does not relieve the situation, and besides the certificate of the proctor fixes the expenses at a larger sum. The failure to state in the order of continuance the precise terms, is fatal, and, as the dismissal was based solely upon a non-compliance, the order dismissing must be reversed.

The cause will be remanded for trial, with costs.